UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
CASE NO.: 17-CV-62178-JIC

SHANE VOSS,

    Plaintiff,

vs.

BAG OCEAN CLUB, LLC.,

    Defendant.

_____/

## DEFENDANT'S 60(B) MOTION TO SET ASIDE DEFAULT JUDGMENT (VACATE ORDER REGARDING PLAINTIFF'S MOTION FOR DEFAULT JUDGMENT) WITH SUPPORTING MEMORANDUM OF LAW

Defendant BAG OCEAN CLUB, LLC (hereinafter referred to as "BOC"), by and through its undersigned counsel, and pursuant to F.R. Civ.P. 60(b) and this Honorable Court's Order to Show Cause [DE 13] files this, its Fed.R.Civ.P. 60(b) Motion to Vacate this Court's Order Regarding Plaintiff's Motion for Default Judgment [DE 8] and as grounds therefore would show unto this Court:

1.    The Complaint in this action was served on BOC's Registered Agent, CT Corporation, on November 14, 2017. A Responsive Pleading was admittedly due on December 7, 2017. When no Responsive Pleading was filed, Plaintiff understandably filed his Motion for Clerks Default on December 7th [DE 6] which was followed by the Clerk's Default on that same date [DE 7].

2.    The Florida Division of Corporations printout for BOC was attached to Plaintiff's Motion for Default [DE 8] as Exhibit "1", and is attached to the supporting Affidavit of George Marshall Butler as Exhibit "1".

3.      BOC submits that three items in the Florida Division of Corporations' official record for BOC are critical in explaining the events which led to BOC's failure to file a responsive pleading:

The first is the *Principal Address* for BOC – 711 Ocean Club Place, Fernandina Beach, Florida 32034 which is one of several homes owned by BOC's Manager, John Marshall Butler.

The second is the *Mailing Address* for BOC – PO Box 7468, Macon, Georgia 31209, where Mr. Butler's businesses are located and where he maintains an office and staff to handle his business affairs.

The third is the identification and address of BOC's Sole Manager, George Marshall Butler, which is also delineated as PO Box 7468, Macon, Georgia 31209.

As such two of the three items in the Florida Division of Corporations' printout for BOC delineate an address in Macon, Georgia, where Mr. Butler maintains a residence and where most of his businesses are based.

4.      Notwithstanding the clear Mailing Address designation, however, CT Corporation sent the suit papers to Mr. Butler's residence in Fernandina Beach, Florida which had been unoccupied for several weeks.

5.      Long before BOC became aware of this lawsuit, and specifically on December 12, 2017, Plaintiff filed his Motion for Default Judgment [DE 8] and on January 4, 2018, this Honorable Court entered its Order Regarding Plaintiff's Motion for Default Judgment [DE 9].

6.      Service of the Complaint and the aforementioned procedural Default events were unknown known to BOC and its Manager, George Marshall Butler, however, until January 9, 2018 when Mr. Butler and his wife returned to their home in Fernandina Beach after traveling since mid-November.

7. Concurrently filed with this Motion is the Affidavit of George Marshall Butler in Support of BOC's Motion to Set Aside Default Judgment. Mr. Butler's Affidavit provides, *inter alia*,

> *My wife and I travelled between Thanksgiving and New Years and did not return to Fernandina Beach until January 9th, 2018 and I did not see Mr. Voss's lawsuit (as mailed to me by CT Corporation until the following day). I immediately scanned the lawsuit and sent it to my attorney, Blair Cleveland in Macon Georgia.*
>
> *Mr. Cleveland forwarded the lawsuit to my insurance agent in Macon, Rusty Hillburn, on January 11, 2018 at 8:51 AM.*
>
> *Mr. Hilburn, in turn, forwarded the lawsuit to Beverly Johnson at TH Insurance that same day (January 11th) and Ms. Johnson forwarded the suit papers to Atlass Insurance in Fort Lauderdale on January 12 at 7:43 AM.*
>
> *I am told that Atlass Insurance emailed the lawsuit by my Insurers (via insurance broker JLT) in London, England that same day (January 12th) and it is my additional understanding that my insurers immediately appointed Neil Bayer of the Kennedys Law Firm to defend BOC on January 15, 2018.*
>
> *Since CT Corporation forwarded the Complaint to my home in Fernandina Beach rather than to my mailing address, I had no knowledge of the Voss lawsuit until January 10th and I submit that lawyers contacted Mr. Voss's counsel 5 days later (two of which were weekend days) and I did all in my power to act responsibly and immediately.*

7. In summary, through neither fault nor neglect attributable to BOC, BOC had no knowledge of the subject lawsuit until January 9, 2018 at which point BOC's Manager, John Marshall Butler, acted with diligence and dispatch.

8. The failure to file a Responsive Pleading is instead directly attributable to CT Corporations' mistaken forwarding of the suit papers to Mr. Butler's part time residence in Florida rather than his clearly stated mailing address in the Florida Division of Corporations records.

9. In addition to the absence of neglect (a good reason for failing to reply to the Complaint) BOC has valid meritorious defenses to Plaintiff's claim.

10. It is further submitted that granting BOC's Motion will not result in prejudice to the Plaintiff since it will allow its insurers to respond to the claim.

11. As attested to in the concurrently filed Affidavit of John Marshall Butler, Mr. Voss alleges that he was injured sometime around the end of May 2016 (paragraph 9 of his Complaint) and that BOC failed to pay his wages thought the end of the voyage on which he was injured (paragraph 28 of his Complaint). Appended to Mr. Butler's Affidavit as Exhibit "2" is BOC's Payroll Register for the Plaintiff showing that his wages were paid in full through January 31, 2017.

12. Equally, Mr. Voss alleges (at paragraph 31 of his Complaint) that BOC failed to make any Maintenance payments. Mr. Butler's Affidavit and the concurrently filed supporting Affidavit of Kim Stoddard of Atlass Insurance (who administrated Maintenance and Cure payments) reveal that Mr. Voss was paid a $124.00 per diem Maintenance payment from January 31, 2017 until August 31, 2017 when Mr. Voss's treating physician, Brent Fulton, MD, opined that Mr. Voss had reached Maximum Medical Improvement.

13. Plaintiff's allegations as to unearned wages are false and/or misleading with BOC having paid both to the Plaintiff. As such, meritorious defense to plaintiff's claim exist and have, in fact, been attested to via Supporting Affidavits.

14. It is respectfully submitted that BOC has established both a lack of neglect in the filing of a responsive pleading and meritorious defenses to Mr. Voss' claims.

15. The Eleventh Circuit Court of Appeals and this District adheres to a strong policy of determining cases on their merits and defaults are viewed with disfavour. Equally the Eleventh Circuit deploys a liberal standard when applying these goals to defaults.

WHEREFORE, BAG OCEAN CLUB, LLC respectfully requests that this Honorable Court Vacate its Order Regarding Plaintiff's Motion for Default Judgment [DE 9] and allow this case to proceed on the merits.

## MEMORANDUM OF LAW

As set forth in the body of this Motion, and as set forth in the Affidavits of John Marshall Butler and Kim Stoddard filed in support of this thereof, BOC can and has, in fact, established: (1) a good reason for the failure to timely respond to the VOSS Complaint (an absence or neglect); (2) meritorious defenses to the claim; and; (3) the absence of prejudice to Mr. Voss if BOC is permitted to defend.

Instructive herein is the 11th Circuit Court of Appeals' decision in *Safari Programs, Inc. v. Collecta International Ltd.*, 686 Fed.Appx. 737 (11th Cir. 2017) which instructs:

> *District courts "may set aside a final default judgment under Rule 60(b)." Fed. R. Civ. P. 55(c). The aim of Rule 60(b), Fed. R. Civ. P., is "to strike a delicate balance between two countervailing impulses: the desire to preserve the finality of judgments and the incessant command of the court's conscience that justice be done in light of all the facts." Seven Elves, Inc. v. Eskenazi, 635 F.2d 396, 401 (5th Cir. Jan. 1981) (internal quotation marks omitted).*[5]
>
> *Thus, **in some circumstances, the interests of finality must give way "to the equities of the particular case in order that the judgment might reflect the true merits of the cause."** Id. And because of our "strong policy of determining cases on their merits," "defaults are seen with disfavor." Fla. Physician's Ins. Co., Inc. v. Ehlers, 8 F.3d 780, 783 (11th Cir. 1993). **As a result, Rule 60(b), which ordinarily "should be liberally construed in order to do substantial justice,"** Seven Elves, 635 F.2d at 401, "is applied most liberally to judgments in default," id. at 403. See Solaroll Shade & Shutter Corp., Inc. v. Bio-Energy Sys., Inc., 803 F.2d 1130, 1132 (11th Cir. 1986). Although our review is for an abuse of discretion, "where denial of relief precludes examination of the full merits of the cause, even a slight abuse may justify reversal." Seven Elves, 635 F.2d at 402.*
>
> *Rule 60(b) lists a number of grounds for relief from a final judgment, including, as relevant here, "mistake, inadvertence, surprise, or excusable neglect," Fed. R. Civ. P. 60(b)(1), and "any other reason that justifies relief," Fed. R. Civ. P. 60(b)(6). (emphasis supplied)*

Further support for the requested relief can be found in the Eleventh Circuit decision in *Florida Physician's Ins. Co., Inc. v. Ehlers*, 8 F.3d 780 (11th Cir. 1993), which similarly holds:

> *We reverse the district court's denial of a motion to set aside a default judgment only if the district court abused its discretion in denying the motion. Gibbs v. Air Canada, 810 F.2d 1529, 1537 (11th Cir.1987); Jackson v. Seaboard Coast*

> *Line R.R., 678 F.2d 992, 1020 (11th Cir.1982). We note that **defaults are seen with disfavor because of the strong policy of determining cases on their merits**. Gulf Coast Fans, Inc. v. Midwest Elecs. Importers, Inc., 740 F.2d 1499, 1510 (11th Cir.1984); see Seven Elves, Inc. v. Eskenazi, 635 F.2d 396, 401–02 (5th Cir. Unit A Jan. 1981) (discussing Rule 60(b) balancing of the desire to preserve the finality of judgments and the desire that a judgment reflect the merits of the case).*

In evaluating each of the requisite elements which must be established to set aside the Default Judgment herein, BOC submits the following:

As to good cause, the body of this Motion and the Affidavit of George Marshall Butler each establish that the sole reason that no responsive pleading was filed is strictly attributable to CT Corporation's mailing the Summons and Complaint to Mr. Marshall's Fernandina Beach home rather than to the mailing address listed with the Florida Division of Corporations – which is also the listed address for Mr. Butler.  Equally, from the time Mr. Butler discovered the Summons and Complaint until the undersigned counsel appeared (which included transmission though four (4) insurance brokers and BOC's insurers), took only five days.  As the Northern District of Florida held in *Shaw v. Scoggins*, 2017 WL 3821914 (N.D. Fla. 2017) "*The failure to respond was not "the result of culpable or wilful conduct of" either Defendant.*"

Turning to establishment of meritorious defenses, the Affidavits of George Marshall Butler and Kim Stoddard establish that the Complaint allegations that Unearned Wages and Maintenance were not paid is simply untrue.  The payment of these items (coupled with the payment of all Cure expenses which is evidenced by the fact that no claim is made for Cure) establishes meritorious defense to the claim.

Finally, the fact that the failure to respond is not attributable to wilful or intentional conduct coupled with the aforementioned meritorious defenses establishes that the Plaintiff will not be prejudiced by allowing BOC to defend Plaintiff's claim.  Much to the contrary, it is BOC who would be prejudiced were this Court to ignore this Circuit's preference for determining cases on the merits and liberal construction of Rule 60(b) to do substantial justice.

In conclusion, BAG OCEAN CLUB LLC respectfully request this Honorable Court to Vacate its Default Judgment and allow it to defend the claims of Plaintiff, SHANE VOSS.

## LOCAL RULE 7.1(3) CERTIFICATION

The undersigned hereby certifies to this Court that a good faith effort was made to discuss the requested relief with counsel for the Plaintiff, but the parties were unable to resolve the issues raised in this Motion and the relief sought herein.

## CERTIFICATE OF SERVICE

WE HEREBY CERTIFY that a true and correct copy of this document was served on Michael T. Moore, Esq. and Clay Naughton, Esq., Moore & Company, P.A., 255 Aragon Ave., 3rd Floor, Coral Gables, FL  33134, michael@moore-and-co.com, cnaughton@moore-and-co.com, via electronic filing with the Clerk of the Court using CM/ECF this 26th day of January, 2018.

> KENNEDYS AMERICAS LLP
> 1395 Brickell Ave., Suite 610
> Miami, FL  33131
> Tel.: (305) 371-1111
> E-Mail: neil.bayer@kennedyslaw.com
>
> By: __/s/ Neil Bayer_____
>         Neil Bayer, Esquire
>         FBN: 615684